**IN THE SUPERIOR COURT OF GUAM**

RICHARD A. SHARROCK and
CHRISTINA M. SHARROCK

        Plaintiffs,

vs.

QUINTEN M. McCOY, PACIFIC
INDEMNITY INSURANCE COMPANY, and
DOE DEFENDANTS 1-10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 1131-07

**DECISION AND ORDER**

**DEFENDANTS' MOTION TO
ENFORCE SETTLEMENT**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 19, 2013 on Defendants' Motion to Enforce Settlement. Attorney Wayson W.S. Wong represented Plaintiffs and Attorney Joyce C.H. Tang represented Defendants. Following the hearing, the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, the Court now issues its Decision and Order **GRANTING** Defendants' Motion to Enforce Settlement.

## BACKGROUND

On October 5, 2005, Richard Sharrock was injured when the automobile in which he was traveling on Route 1, Naval Base, Guam, collided with an automobile owned and driven by an off-

Page 1
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Defendants' Mot. To Enforce Settlement

**ORIGINAL**

duty sailor, Quinten McCoy. On October 4, 2007, Mr. Sharrock and his wife, Christina, brought suit against Mr. McCoy and his insurer, Pacific Indemnity Insurance Company. In their Complaint, Plaintiffs allege that Defendant McCoy negligently caused the collision and is liable for Plaintiffs' injuries and damages. (Compl. ¶¶ 10-14, 16-17.) Plaintiffs further claim that, "[p]ursuant to 18 G.C.A. § 18305, [P]laintiffs are entitled to maintain this direct action against Pacific Indemnity and to recover from it for their injuries and damages, up to the applicable policy limits." (Compl. ¶¶ 19-22.) On June 25, 2008, Defendants offered a settlement in the amount of the policy limit, $25,000. (Def. Mem. Tang Decl. Ex. 1.)

Plaintiffs also brought suit in United States District Court for the District of Guam against the United States on a theory of respondeat superior. On November 20, 2008, the parties stipulated to a stay of Superior Court proceedings because the outcome of Plaintiffs' federal action bore on the instant matter. From 2009 through 2012, this Court repeatedly granted continuances at the request of Defendants' counsel due to the pendency of the federal matter; Plaintiffs' counsel rarely appeared for these hearings. On June 3, 2010, the District Court granted summary judgment for the government, and on March 14, 2012, the Ninth Circuit affirmed. Sharrock v. United States, 2010 WL 2278580 (D.Guam 2010), aff'd, 673 F.3d 1117 (9th Cir. 2012) (holding that a servicemember en route to participation in a recreational activity, where participation is encouraged but not required by the Navy, is not acting in the line of duty).

On December 26, 2012 and January 30, 2013, Defendants' counsel informed the Court that the case had settled. Plaintiffs' counsel was not present at either of these hearings. On February 26, 2013, however, Plaintiffs' counsel denied that the parties reached a settlement and cited Defendants' refusal to provide certain releases as the reason the parties failed to settle; he further

indicated that the matter would proceed to trial. Defendants' counsel reiterated that the matter settled.

Defendants filed a Motion to Enforce Settlement on October 17, 2013, Plaintiffs filed an Opposition on November 4, 2013, and Defendants filed a Reply on November 8, 2013. The parties submitted declarations and exhibits in support of their motions. The Court heard oral argument on November 19, 2013, and now issues its Decision and Order.

## DISCUSSION

Defendants contend that a "settlement for the policy limits of $25,000 has been agreed to by the parties" but that, at the request of Plaintiffs' counsel and out of professional courtesy, "the settlement was held in abeyance for five (5) years while Plaintiffs pursued" the suit against the United States in federal court. (Def. Mem. at 1-4, 14-15; Def. Reply Mem. at 1-6; Civille Decl. ¶¶ 3-11.) In support of their position, Defendants proffered numerous exhibits such as declarations, emails, and transcripts from current counsel, former counsel, and other persons related to this case. (Def. Mem. Tang Decl.; Def. Reply Mem. Tang Decl.; Civille Decl.; Travis Decl.) Defendants request that the Court enforce the settlement agreement and dismiss the case. (Def. Mem. at 1, 14-15.)

Plaintiffs acknowledge that the parties attempted to settle the matter, but deny that the parties ever reached an agreement and assert that Defendants' failure to provide two releases resulted in the failure to settle. (Pl. Opp. Mem. at 1-4, 11-15, 22; Wong Decl.) Plaintiffs further argue that none of Defendants' exhibits demonstrate the requisite meeting of the minds. Id. Plaintiffs therefore request that the Court deny Defendants' motion and proceed to trial. Id.

A settlement agreement is enforceable like any other binding contract and contract principles apply to the interpretation of such an agreement. Blas v. Cruz, 2009 Guam 12, ¶ 11

(citing Leon Guerrero v. Moylan, 2000 Guam 28, ¶¶ 8-9); see also 15A C.J.S. Compromise & Settlement § 77; 15B Am. Jur. 2d Compromise and Settlement §§ 40-41. A movant accordingly must prove by a preponderance of the evidence the existence of an agreement, i.e., by showing offer, acceptance, and consideration. Blas v. Cruz, 2009 Guam 12, ¶ 18 (quoting Mobil Oil Guam, Inc. v. Tendido, 2004 Guam 7, ¶ 34) (internal quotations omitted); 15A C.J.S. Compromise & Settlement § 84. Importantly, an oral settlement agreement may be enforced even if none of its terms were put on the record or reduced to writing, so long as the movant meets its burden to demonstrate the existence of the agreement. 18 G.C.A. § 86104; Lynch, Inc. v. SamataMason Inc., 279 F.3d 487, 490-91 (7th Cir. 2002); RE/MAX Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 646 (6th Cir. 2001). In addition, "essential terms in the offer need only be reasonably certain" for a contract to be formed upon acceptance. Mobil Oil Guam, Inc., 2004 Guam 7, ¶ 34 (citing Charbonnages de France v. Smith, 597 F.2d 406, 417 (4th Cir. 1979)).

Generally, an evidentiary hearing must be held upon request of a party if material facts concerning the existence or terms of an agreement to settle are in dispute. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); Malave v. Carney Hosp., 170 F.3d 217, 219-21 (1st Cir. 1999); Wilson v. Wilson, 46 F.3d 660, 664 (7th Cir. 1995). Here, however, neither party requested an evidentiary hearing; the parties instead submitted declarations and exhibits to supplement their written and oral arguments. Rule 43(e) of the Guam Rules of Civil Procedure vests the Court with discretion regarding whether to receive oral testimony on motions: "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition." See also Fed. R. Civ. P. 43(c) (substantially similar source of Guam Rule 43); Miles v. Dep't of Army, 881 F.2d 777, 784 (9th Cir. 1989) ("A district court has wide discretion in deciding whether

oral testimony shall be heard in support of a motion."). Moreover, the testimony of a witness may be taken by affidavit or declaration. 6 G.C.A. §§ 4308, 7301; see also 28 U.S.C. § 1746 (substantially similar source of § 4308). The parties' declarations comport with § 4308 and, as discussed below, the issue before the Court is a narrow one. The Court is therefore satisfied from the briefs, declarations, exhibits, and oral arguments that an evidentiary hearing is not necessary in this case. See United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856-58 (9th Cir. 1992), cert. denied, 506 U.S. 1022 (1992) (declining to adopt "blanket rule requiring oral testimony" where potential testimony already was contained in declarations submitted); Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc., 528 F.3d 556, 560-63 (8th Cir. 2008) (recognizing district court's "considerable discretion" and holding that court was not required to hold an evidentiary hearing sua sponte in deciding whether to enforce settlement agreement).

The parties thoroughly briefed and argued this matter. In particular, the parties supplied the Court with declarations from the principal actors in the settlement, including Defendants' three counsels, Plaintiff Richard A. Sharrock, and Plaintiffs' counsel. The Court has considered the parties' assertions—as gleaned from court appearances, memoranda, declarations, and oral arguments on the instant motion—in conjunction with emails and letters from current and former counsel drafted throughout the pendency of the instant litigation as well as its federal counterpart. Upon review, it is apparent that there is little dispute about the applicable law and facts of this case: the parties diverge only in their use of the documentary evidence to corroborate their respective positions. Simply put, the narrow question before the Court is whether Defendants have shown by a preponderance of the evidence that the parties orally agreed to settle Plaintiffs' suit for Defendant Pacific Indemnity's policy limit of $25,000.

Dispositive in this case are the following uncontroverted facts. Defendants' predecessor counsel offered the policy limits in 2008, and the offer never was rescinded or modified. (Civille Decl. ¶¶ 3-8; Def. Mem. Tang Decl. Ex. 1.) The furnished offer mirrors the relief requested by Plaintiffs in Count III of their Complaint—i.e., policy limits of $25,000 from Defendant Pacific Indemnity— and there is no indication that either party took exception to the offer terms (except for Plaintiffs' 2012 request for two releases). (Compl. ¶¶ 19-22; Def. Mem. Tang Decl. Ex. 1-3, 18.) Plaintiffs do not contend that their counsel lacked authority to accept an offer. On several occasions from 2009 through 2012, the Court threatened to dismiss the case on account of inaction and granted continuances at the request of Defendants' counsel due to the pendency of the federal matter. Defendants' counsel continually apprised the Court of the status of both cases in the absence of Plaintiffs' counsel and with the latter counsel's knowledge and consent. (Travis Decl. ¶¶ 3-5.) On November 29, 2011, Plaintiffs' counsel informed the Court that the case has "been basically settled in the Superior Court but we cannot effect settlement until the federal court case has been decided." (Def. Mem. Tang Decl. Ex. 12.) The federal case concluded on March 14, 2012. Sharrock v. United States, 2010 WL 2278580 (D.Guam 2010), aff'd, 673 F.3d 1117 (9th Cir. 2012). On December 5, 2012, Defendants' counsel informed the Court that the matter was "inching" toward a conclusion and, on December 26, 2012 and January 30, 2013, Defendants' counsel unequivocally stated that the case had settled. Plaintiffs' counsel, again, failed to attend these hearings—which is sanctionable per Rule 41.1 of the Local Rules of the Superior Court and Rule 37(b) of the Rules of Civil Procedure. On February 26, 2013, Plaintiffs' counsel appeared before the Court and denied that the parties reached a settlement, while Defendants' counsel reiterated that the matter settled.

Each of these facts supports Defendants' contention that the matter settled and that Defendants assented to holding the matter in abeyance out of professional courtesy so that Plaintiffs

Page 6
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Defendants' Mot. To Enforce Settlement

could first resolve their federal case. Plaintiffs' counsel evidently confirmed as much on November 29, 2011. Furthermore, although as non-movants Plaintiffs bear no burden of proof, it must be noted that Plaintiffs' denial of the settlement is plainly inconsistent with the facts. Plaintiffs' assertion that settlement was impeded by Defendants' refusal to issue releases is likewise unpersuasive because Plaintiffs' request originated in late 2012. (Def. Mem. Tang Decl. Ex. 14, 21-24, 30.) The great weight of the evidence supports the conclusion that, from 2008 onward, this case was settled but remained in a holding pattern. The Court further finds that Defendants' counsel was credible generally in her court appearances throughout the course of this matter and specifically when informing the Court of the settlement. Plaintiffs' reference to the releases from late 2012 onward is wholly undermined by the indicia of settlement throughout the course of this litigation. The Court, therefore, finds that Defendants have shown by a preponderance of the evidence that the parties orally agreed to settle. Accordingly, Defendants' Motion to Enforce Settlement is **GRANTED**.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendants' Motion to Enforce Settlement.

**SO ORDERED** this ___/3___ day of February, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam